IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 19-cv-00135-RBJ

CRYSTAL LOIBL,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the court on defendant Geico Advantage Insurance Company ("Geico")'s motion for summary judgment and motion for determination of law, ECF No. 24.[1]

## BACKGROUND

This case arises out of an automobile accident that occurred on February 6, 2017 in the city of Grapevine, Texas. ECF No. 20 at 2. Plaintiff Crystal Loibl was a passenger in a Volkswagen Jetta traveling westbound when an eastbound vehicle crossed the median into westbound traffic and struck the Jetta head-on. *Id*. The driver of the Jetta, Kathryn Aguilar, was insured through a contract with Geico. *Id*. at 3. The driver that caused the accident, Teckli Ogubai, was underinsured. *Id*.

---

[1] Though there is no procedural rule providing for a "motion for determination of law," defendants have relied on my statements in past cases that such motions "could be viewed as motions for partial summary judgment, or motions for a partial declaratory judgment, or motions in limine." *Lebsack v. Rios*, No. 16-CV-02356-RBJ, 2017 WL 5444568, at *1 (D. Colo. Nov. 14, 2017).

Ms. Loibl claims to have suffered $400,000 of economic damages and permanent injuries. ECF No. 27 at 1. Ms. Loibl submitted an underinsured motorist ("UIM") settlement demand to Geico, but not before the driver and another passenger submitted such demands. ECF No. 24 at 2. Geico paid out the claims in the order they were filed; the first two demands settled for $30,000 and $28,000 respectively. *Id*. According to Geico, the policy's UIM per accident limit was $60,000, leaving only $2,000 after the first two claims had settled. *Id*. Geico offered Ms. Loibl the remaining amount, which she did not accept. *Id*.

On January 15, 2019 Ms. Loibl filed this diversity action against Geico. ECF No. 1. She amended her complaint on July 5, 2019. ECF No. 20. Ms. Loibl now brings four claims against Geico: 1) a claim under the UIM provision in the insurance contract, 2) a common law breach of contract claim, 3) an unreasonable delay or denial claim under C.R.S. § 10-3-1115, and 4) a common law bad faith claim. *Id*. at 4–7. Geico now moves for summary judgment on all of Ms. Loibl's claims, or in the alternative a determination that Texas law applies to her UIM, breach of contract, and bad faith claims. ECF No. 24.

## STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colo., Inc. v. City and Cty of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## ANALYSIS

Primarily, defendants ask this court to determine whether Colorado or Texas insurance and common law will govern this case. The outcome of the choice of law analysis is dispositive on Ms. Loibl's UIM, breach of contract, and bad faith claims, as the parties do not dispute that if Texas law applies, defendants are entitled to summary judgment for those claims. ECF No. 24, ECF No. 27. Ms. Loibl argues only that Colorado law should apply, and that therefore the motion should be denied. ECF No. 27.

This case is before the Court on diversity jurisdiction. A federal district court sitting in diversity must apply the choice of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Colorado follows the Restatement (Second) of Conflict of Laws (1971) ("the Restatement") for both contract and tort actions. *See Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1310 (10th Cir. 2014) ("*Kipling I*"). With regard to all actions, the Restatement requires the court to consider:

> (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement § 6.

The Restatement provides further guidance for how to evaluate the § 6 factors with regard to particular causes of action, including specific considerations for contract and tort claims. *See* Restatement §§ 187, 188, 145.

Ms. Loibl's breach of contract and UIM claims are governed by contract principles. *See Kipling I*, 774 F.3d. at 1310–12 ("Contract principles are 'applicable to all contracts and to all issues in contract.'") (quoting Restatement § 186 cmt. a.).

In *Kipling I*, the Tenth Circuit held that a "bad-faith claim against an insurer . . . sounds in tort," and noted that in previous cases the court had applied tort principles to a bad-faith claim and contract principles to a breach of contract claim. *Id*. (citing *TPLC, Inc. v. United Nat. Ins. Co.*, 44 F.3d 1484 (10th Cir. 1995)). Tort principles therefore apply to the bad faith claim here.

### A. Contract Claims

The Restatement first directs the court to consider any choice-of-law provisions in the contract. Restatement § 187. Section 187(2) governs this type of case and provides that the laws of the state chosen by the parties will apply unless either:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of a particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187. Section 188 provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6. (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties. These contacts are to be evaluated according to their relative importance with respect to

4

the particular issue. (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189–199 and 203.

*Id*. § 187.

The Restatement also explicitly considers "Contracts for Fire, Surety or Casualty Insurance," in § 193. The rule states:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement § 193. In the comments for § 193, the Restatement notes that if the insured risk "will be in a particular state for the major portion of the insurance period, the risk's principal location is the most important contact to be considered in the choice of the applicable law." *Id*. at cmts b–c.

Defendants point out that this contract is likely an adhesion contract because Ms. Loibl did not affirmatively negotiate which law should apply in the event of a dispute concerning the policies, as she was the passenger and not the insured driver in the vehicle. ECF No. 24 at 9. Regarding adhesion contracts, § 187 comment b states that "[c]hoice-of-law provisions contained in such contracts are usually respected. Nevertheless, the forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent." *Id*. at § 187 cmt b. As Ms. Loibl does not raise adhesion as an issue, I find that the fact that this is an adhesion contract is not determinative. *See Kipling v. State Farm Mut. Auto. Ins. Co.*, 159 F. Supp. 3d 1254, 1274 (D. Colo. 2016) ("*Kipling II*") (finding no injustice to adherent who did not raise adhesion as issue in choice of law determination).

The insurance contract in this case designates Texas law in its choice of law provision, fitting this contract squarely within the § 187 context. ECF No. 24 at 11. This contract does not fit the criteria for § 187(2)(a), which involves a chosen state that has no substantial relationship to the parties or the transaction and no other reasonable basis for the parties' choice. Restatement § 187(2)(a). The contract between Geico and the policyholder was made in Texas. ECF No. 24 at 2. The insured vehicle was registered in Texas. *Id*. The policyholder was a Texas resident. ECF No. 27 at 1. From these facts I conclude that Texas has a substantial relationship to the parties in this case.

Turning to the criteria in § 187(2)(b), I examine whether application of the chosen law—Texas law—would be contrary to a fundamental policy of a state with a materially greater interest in the determination of a particular issue and whose law would be the applicable law in absence of the choice of law provision. Restatement § 187(2)(b). Because Ms. Loibl argues that Colorado law should apply, I consider both (1) whether in the absence of a choice of law provision, Colorado law would apply under the § 188 factors; and (2) if so, whether Colorado has a materially greater interest than Texas in the determination of these particular issues.

Most of the § 188 factors weigh in favor of Texas. The contract was made and negotiated in Texas. ECF No. 24 at 12. The contract insured a Texas vehicle that was, as far as we know, primarily driven in Texas, indicating that the place of performance and location of the subject matter were Texas. *Id*. However, Ms. Loibl is a resident of Colorado, and Geico is a Nebraska corporation headquartered in Maryland. *Id*. at 3–4. Thus all but one factor weigh in favor of Texas as the state with the more significant relationship to the transaction and the parties and thus the law that would be designated in the absence of a choice of law provision under § 188.

Section 193 points to Texas as well. The parties to the contract, here Geico and the driver, likely understood the principal location of the insured's risk to be Texas. Because the Restatement comments suggest that this "contact" is the most important for determining the applicable law, this weighs strongly in favor of Texas. *See* § 193 cmt b–c; *see Kipling II*, 159 F. Supp. 3d at 1272.

The choice of law provision designates Texas, and Texas has a substantial relationship to the parties and transaction. In the absence of a choice of law provision, Texas law would likely still apply. As the principal location of the insured's risk, Texas is the most important contact. Therefore, I conclude that Texas law should apply to Ms. Loibl's contract claims.

### B. Tort Claims

For tort claims the Restatement advises:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6. (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.

*Id.* § 145. Applying these factors, I conclude that Texas law should apply to the tort claims as well. The injury occurred in Texas. The conduct that caused the injury occurred in Texas. As noted above, Ms. Loibl is a resident of Colorado, while Geico is a Nebraska Corporation headquartered in Maryland. The only contact between the parties results from Ms. Loibl's travel to Texas in which she was a passenger in a defendant-insured vehicle. Thus the relationship between the parties is centered in Texas. Because the § 145 factors suggest Texas had the most

significant relationship to Ms. Loibl's tort claims, I conclude Texas law should apply to these claims as well.

Regarding all of her claims, Ms. Loibl argues that in "multi-state tort controversies," the court should apply the law of state with the "most significant relationship" to underlying conduct under Restatement § 145. ECF No. 27 at 2. She claims that Colorado has the most significant relationship to the tortious conduct because she is a resident of Colorado, the accident occurred while she was on a business trip for her Colorado employer, her treatment took place in Colorado, and she filed this case in Colorado. *Id*. She does not address the § 145 factors, nor any of the Restatement contracts principles in drawing this conclusion. Instead, she primarily relies on *Florum v. Elliott Mfg. Co.*, in which a Colorado district court concluded that Colorado law should apply because the plaintiff incurred injuries in Colorado, received treatment in Colorado, and resided in Colorado. 629 F. Supp. 1145, 1148 (D. Colo. 1986), *aff'd in part, rev'd in part sub nom.*, 867 F.2d 570 (10th Cir. 1989). However, *Florum* is distinguishable on several grounds. First, it is a products liability case rather than an insurance contract case, for which the Restatement provides specific considerations. *See* §§ 187, 193. Second, the injury occurred in Colorado, while here the injury occurred in Texas. Nor does *Florum* persuade me that these are the factors the court should consider when *Kipling I*, a binding Tenth Circuit opinion decided fifteen years later, applied the factors listed in §§ 145, 187, and 188. *See Kipling I*, 774 F.3d at 1310.

Because Ms. Loibl does not contest that if Texas law applies Geico is entitled to summary judgment on her UIM, breach of contract, and bad faith claims, I grant defendants motion on these claims.

C. **Unreasonable Denial/Delay Claim**

Geico argues that Ms. Loibl's unreasonable delay/denial claim under C.R.S. § 10-3-1115 claim must be dismissed because the statute only covers Colorado insurance policies. ECF No. 24 at 17. Ms. Loibl has not challenged this argument nor claimed her unreasonable delay/denial claim should survive. *See* ECF No. 27. Without ruling on the merits of Geico's argument I find Ms. Loibl has not raised a genuine dispute of material fact on this claim. This claim is dismissed.

**ORDER**

1. Defendants motion for summary judgment, ECF No. 24, is granted. This civil action and all claims therein are dismissed with prejudice. As the prevailing party defendant is awarded its reasonable costs, to be taxed by the Clerk, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 26th day of March, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge